Phillip D. Dracht (219044)
(*pdracht@fabianvancott.com*)
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

*Attorneys for Defendant and
Counterclaim Plaintiff Boomr, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL POSITION INPUT SYSTEMS, LLC,<br><br>　　　　　Plaintiff,<br>　vs.<br>BOOMR, INC.,<br><br>　　　　　Defendant. | Civil No. 3:21-CV-1221-LAB-MSB<br><br>**ANSWER AND COUNTERCLAIM OF BOOMR, INC.**<br><br>**(JURY TRIAL DEMAND)** |

　　　Defendant BOOMR, Inc. ("BOOMR" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaim to Plaintiff Social Positioning Input Systems, LLC's ("Plaintiff" or "Social Positioning") Complaint for Patent Infringement ("Complaint").

## ANSWER

　　　BOOMR denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

　　　1.　　BOOMR denies that the Complaint sets forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. and denies the allegations of paragraph 1 of the Complaint.

2.    BOOMR admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    BOOMR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.    BOOMR admits it was a California corporation and was converted to a California limited liability company and denies the allegations of paragraph 4 of the Complaint.

5.    BOOMR denies the allegations of paragraph 5 of the Complaint. BOOMR denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the allegations in Paragraph 5.

6.    BOOMR denies the allegations of paragraph 6 of the Complaint. BOOMR denies it has committed or is committing acts of infringement within this district or elsewhere and on that basis, denies the allegations in Paragraph 6 of the Complaint.

7.    BOOMR does not deny that venue is proper in this case. BOOMR denies it has committed or is committing acts of infringement within this district or elsewhere.

## COUNT I
## (ALLEGED) INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365

8.    BOOMR incorporates paragraphs 1 through 7 herein by reference.

9.    BOOMR denies that the Complaint sets forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq.* and denies the allegations of paragraph 9 of the Complaint.

10.   BOOMR is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. BOOMR admits that a purported copy of U.S. Patent No. 9,261,365 (the "'365 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device", and denies any other allegations in paragraph 11 of the Complaint.

12. BOOMR denies the allegations in paragraph 12 of the Complaint.

13. BOOMR denies the allegations in paragraph 13 of the Complaint.

14. BOOMR denies the allegations in paragraph 14 of the Complaint.

15. BOOMR denies the allegations in paragraph 15 of the Complaint.

16. BOOMR denies the allegations in paragraph 16 of the Complaint.

17. BOOMR denies the allegations in paragraph 17 of the Complaint.

18. BOOMR denies the allegations in paragraph 18 of the Complaint.

19. BOOMR denies the allegations in paragraph 19 of the Complaint.

20. BOOMR denies the allegations of paragraph 20 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

BOOMR denies Plaintiff is entitled to any relief against BOOMR and denies all allegations contained in Paragraphs (a) through (e), including subparts, of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

BOOMR has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '365 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '365 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including

without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '365 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that BOOMR's actions allegedly infringe the '365 Patent, BOOMR is not liable to Plaintiff for the acts alleged to have been performed before BOOMR received actual notice that it was allegedly infringing the '365 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that BOOMR indirectly infringes, either by contributory infringement or inducement of infringement, BOOMR is not liable to Plaintiff for the acts alleged to have been performed before BOOMR knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the '365 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by BOOMR.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '365 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by BOOMR practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device"; as required by Claim 1 of the '365 Patent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '365 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

### TWELFTH AFFIRMATIVE DEFENSE

Should BOOMR be found to infringe any valid, enforceable claim of the '365 Patent, such infringement was not willful.

### THIRTEENTH AFFIRMATIVE DEFENSE

BOOMR reserves the right to amend its answer and to add such additional Affirmative Defenses as may be consistent with the facts discovered in the case.

### BOOMR'S COUNTERCLAIM

For its counterclaim against Plaintiff Social Positioning Input Systems, LLC ("Social Positioning"), Counterclaimant Plaintiff BOOMR, Inc., alleges as follows:

### PARTIES

1. Counterclaimant is a limited liability company organized and existing under the laws of California.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterdefenant Social Positioning Input Systems, LLC is a limited liability company organized and existing under the laws of Texas that maintains its principal place of business at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

### JURISDICTION

3. BOOMR incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Social Positioning has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Social Positioning's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

### COUNT I
### DECLARATION REGARDING NON-INFRINGEMENT OF THE '365 PATENT

7. BOOMR incorporates by reference Paragraphs 1–6 above.

8. Based on Social Positioning's filing of this action and at least BOOMR's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether BOOMR infringes U.S. Patent No. 9,261,365 (the "'365 Patent").

9. BOOMR does not infringe at least Claim 1 of the '365 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by BOOMR practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BOOMR requests a declaration by the Court that BOOMR has not infringed and does not infringe any claim of the '365 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II
### DECLARATION REGARDING INVALIDITY

11. BOOMR incorporates by reference Paragraphs 1–10 above.

12. Based on Social Positioning's filing of this action and at least BOOMR's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '365 Patent.

13. On information and belief, the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

14. For example, the '365 Patent is invalid for failure to comply with 35 U.S.C. §101. As explained, the '365 Patent claims nothing more than an abstract idea, and it fails to claim an inventive concept.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* BOOMR requests a declaration by the Court that the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

16. BOOMR does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, BOOMR asks this Court to enter judgment in BOOMR's favor and against Social Positioning by granting the following relief:

a) a declaration that the '365 Patent is invalid;

b) a declaration that Boomr does not infringe, under any theory, any valid claim of the '365 Patent that may be enforceable;

c) a declaration that Social Positioning take nothing by its Complaint;

d) judgement against Social Positioning and in favor of Boomr;

e) dismissal of the Complaint with Prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and award to Boomr its costs and attorney's fees incurred in this action; and

g) further relief as the Court may deem just and proper

## JURY DEMAND

Boomr hereby demands trial by jury on all issues triable by right by a jury.

DATED this 3rd day of August, 2021.

1  
2  FABIAN VANCOTT

By:   */s/ Phillip D. Dracht*  
Phillip D. Dracht  
3  *Attorneys for Defendant and Counterclaimant Boomr, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2021, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated this 3rd day of August, 2021.

/s/ Phillip D. Dracht